**IN THE COURT OF APPEALS OF IOWA**

No. 15-0550
Filed March 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HANNAH BENCK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Hannah Benck appeals her conviction for operating while intoxicated and the district court's denial of her motion to suppress. **AFFIRMED.**

Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Hannah Benck with operating a motor vehicle while intoxicated, first offense. *See* Iowa Code § 321J.2 (2013). Benck moved to suppress the evidence. The district court initially granted the motion but, on reconsideration, concluded the evidence should not have been suppressed. Benck agreed to a bench trial on the minutes of testimony. After considering the minutes, the district court found Benck "operate[d] a motor vehicle while having a measurable amount of a controlled substance, marijuana, in her system."

On appeal, Benck (1) challenges the sufficiency of the evidence supporting the finding of guilt and (2) contends "the district court erred in overruling the motion to suppress because there [were] not reasonable grounds to believe that [she] was operating a motor vehicle in violation of section 321J.2 when invoking implied consent."

## I.    *Sufficiency of the Evidence*

The State had to prove Benck "operate[d] a motor vehicle in this state . . . while any amount of a controlled substance [was] present in [her] person, as measured in [her] blood or urine." Iowa Code § 321J.2(1)(c); *see State v. Comried*, 693 N.W.2d 773, 776 (Iowa 2005) ("[S]ubsection (1)(c) was intended to . . . prohibit people from operating motor vehicles with controlled substances in their bodies, whether or not they are under the influence."). The district court found that an Ames police officer pulled Benck over for having an expired license or registration plate. The court further found as follows:

> During . . . the officer's conversations with Ms. Benck, she noticed a strong odor of marijuana coming from the defendant. The defendant admitted to smoking marijuana earlier. . . . She was

taken to the Ames Police Department . . . [where] [t]he defendant consented to give a urine specimen for analysis. . . . That test actually came back positive for marijuana metabolites with a threshold level of 62.5-nanograms per milliliter.

The court's findings are supported by substantial evidence. It is undisputed Benck was the driver of the vehicle that was stopped. A dashboard camera affixed to the stopping officer's vehicle recorded the subsequent encounter. Benck admitted to smoking marijuana an hour before the stop. In light of this admission and the urine test result, the district court did not err in finding Benck guilty under Iowa Code section 321J.2(1)(c). *See Comried*, 693 N.W.2d at 778 ("[T]he statute . . . is clear and unambiguous . . . 'any amount' means any amount greater than zero."); *State v. Gates*, No. 09-1241, 2010 WL 2598334, at *7 (Iowa Ct. App. June 30, 2010) (rejecting argument that section 321J.2(1)(c) was unconstitutional as applied where "Gates admitted she used two controlled substances, marijuana and cocaine, merely hours before the accident" and "the subsequent testing of her urine revealed she had substantially more than a trace amount of two controlled substances, marijuana and cocaine, in her body").

## II. *Suppression Ruling*

Iowa Code section 321J.6 provides:

> A person who operates a motor vehicle in this state under circumstances which give reasonable grounds to believe that the person has been operating a motor vehicle in violation of section 321J.2 . . . is deemed to have given consent to the withdrawal of specimens of the person's blood, breath, or urine and to a chemical test . . . of the specimens for purpose of determining the . . . presence of a controlled substance or other drugs . . . .

Benck argues her "Fourth Amendment rights were violated [when the Ames police officer] invoked implied-consent without reasonable grounds to believe that [she] was operating a motor vehicle under the influence of marijuana." Benck misconstrues the reasonable grounds requirement in this context. The officer was not required to have reasonable grounds to believe Benck was "under the influence of marijuana." The officer simply had to have reasonable grounds to believe there was a violation of section 321J.2 which, as noted, includes operation of a motor vehicle with "any amount" of a controlled substance in one's system.

"Reasonable grounds are measured according to the facts and circumstances known to the officer at the time implied consent is invoked." *State v. Stoppel*, No. 01-1396, 2002 WL 1455776, at *2 (Iowa Ct. App. July 3, 2002). Our de novo review of the record reveals the following facts. The stopping officer detected a strong odor of raw marijuana, an observation she confirmed and reconfirmed on the videotape. As noted, Benck admitted she consumed marijuana within an hour of the traffic stop. Based on these facts, we conclude the reasonable grounds requirement was satisfied and the district court did not err in overruling Benck's motion to suppress.

We affirm Benck's judgment and sentence for operating a motor vehicle while intoxicated, first offense.

**AFFIRMED.**